**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**RICKY RAY GOFOURTH**                                                                 **PLAINTIFF**

**VS.**                                             **CAUSE NO. 1:14-CV-00143-GHD-DAS**

**ALCORN COUNTY, MISSISSIPPI,
i.e., SHERIFF OF ALCORN COUNTY,
MISSISSIPPI, in his official capacity**                                **DEFENDANTS**

                                                                              **JURY TRIAL DEMANDED**

**FIRST AMENDED COMPLAINT**

This is an action to recover actual and liquidated damages due under the Family and Medical Leave Acts and under the Americans with Disabilities Act. The following facts support this action:

1.

Plaintiff RICKY RAY GOFOURTH is an adult resident citizen of 5 County Road 190, Corinth, Mississippi 38834.

2.

Defendants ALCORN COUNTY, MISSISSIPPI and SHERIFF OF ALCORN COUNTY, MISSISSIPPI are political subdivisions of the State of Mississippi. Sheriff Charles Rinehart is the official law enforcement policymaker and chief law enforcement officer of Alcorn County, Mississippi, and he may be served with process at 2861 South Harper Road, Corinth Mississippi 38834. Service should also be made upon the Chancery Clerk of Alcorn County, Mississippi at the

Alcorn County Courthouse, 501 E. Waldron Street, Corinth, Mississippi 38834. Alcorn County, Mississippi is the same legal entity as Sheriff Rinehart in his official capacity.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. §1343. This action is authorized by the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, and by 42 U.S.C. § 1983. This action will also be authorized by the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act Amendments Act (ADAAA), 42 U.S.C. § 12101, *et seq*.

4.

At all relevant times, Plaintiff was an employee and Defendant was an employer within the meaning of the Family and Medical Leave Act ("FMLA").

5.

Plaintiff was employed by Defendants, Alcorn County, Mississippi ("Alcorn County") through its sheriff as a correctional officer. He was employed for four (4) years, and at the time of his discharge, was employed as a supervisor.

6.

Plaintiff was considered a good correctional officer, and a good supervisor. In May 2014, however, Plaintiff suffered from major depression and was hospitalized for approximately two (2) days under the care of Dr. Wanda Hill. Plaintiff was unable to work from approximately May 5, 2014 through May 20, 2014.

7.

Plaintiff was released by Dr. Hill to return to work on May 20, 2014.

8.

The chief of security at the jail, Mr. Keith Latch, fully intended to return Plaintiff to work at the expiration of his medical leave. However, during the time of Plaintiff's medical leave, a new chief of security, Roger Settlemires, assumed duties at the jail, and was unwilling to return Plaintiff to work.

9.

Settlemires claimed that during Plaintiff's absence, it was necessary for him to fill Plaintiff's position.

10.

By refusing to allow Plaintiff to return to work, Defendants violated the FMLA, which requires Defendants to allow Plaintiff up to twelve (12) weeks per year of medical leave; violated the anti-retaliation provisions of the FMLA, which prohibit Defendants from retaliating against Plaintiff for taking medical leave; and violated the restoration provisions of the FMLA, which require that Plaintiff be restored to his same position upon his return from medical leave.

11.

The violations of the FMLA were "willful," entitling Plaintiff to liquidated damages.

12.

Under the provisions of the FMLA, Plaintiff is also entitled to reasonable attorneys' fees, plus costs.

13.

Besides violating the FMLA, Defendants' actions also violated the ADAAA. Specifically, Defendants regarded Plaintiff's being off work with major depression as disabling, or as keeping him from working as a correctional officer. In fact, Plaintiff is fully capable of working as a correctional officer, or in any other position which Defendants might assign to him.

14.

Additionally, Plaintiff's history of being briefly hospitalized for major depression, and missing approximately three (3) weeks of work constituted having a "record of a disability."

15.

Plaintiff filed an ADAAA claim pursuant to the EEOC charge attached hereto as Exhibit "A." Plaintiff has now received his right to sue letter attached hereto as Exhibit "B."

16.

Plaintiff has suffered lost income, mental anxiety and stress as a result of Defendants' actions.

**REQUEST FOR RELIEF**

Plaintiff requests actual and liquidated damages, and mental anxiety and stress damages in an amount to be determined by a jury, for reinstatement and for reasonable attorneys' fees, costs and expenses.

-5-

RESPECTFULLY SUBMITTED, this the 29th day of May, 2015.

                WAIDE & ASSOCIATES, P.A.


                BY: */s/ Ron L. Woodruff*
                  JIM WAIDE
                  MS BAR NO.: 6857
                  RON L. WOODRUFF
                  MS BAR NO.: 100391

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
EMAIL: waide@waidelaw.com

ATTORNEYS FOR PLAINTIFF

-6-

## **CERTIFICATE OF SERVICE**

       I, Ron L. Woodruff, attorney for Plaintiff, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

**Silas W. McCharen, Esq.**
**smccharen@danielcoker.com**
**barthur@danielcoker.com**

**Timothy Michael Peeples, Esq.**
**tpeeples@danielcoker.com**
**smcmillian@danielcoker.com**
**nmoore@danielcoker.com**

DATED, this the 29th day of May, 2015.

                                    */s/ Ron L. Woodruff*
                                    RON L. WOODRUFF